NORMA GONZÁLEZ, Plaintiff and Appellant, *v.* ELÍAS HAWAYEK, Defendant and Appellee.

No. 9870. Argued April 4, 1949.—Decided June 6, 1950.

Arcilio Alvarado and Efraín Rivera Maldonado for appellant.
Benjamín Ortiz and Álvaro Ortiz for appellee.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

Norma González brought an action of denial of servitude and for damages against Elías Hawayek. Three causes of action are set up in the complaint. On motion of defendant, the lower court dismissed it for insufficiency; and since the complaint was not susceptible of amendment, the court immediately rendered judgment against plaintiff with costs plus $150 for attorney's fees.

On appeal plaintiff alleges five errors. Since in one way or another they all tend to show that the complaint states facts sufficient to constitute a cause of action, we shall not take them separately.

We turn first to the allegations of the complaint, having in mind that for the purpose of a motion to dismiss, as in the instant case, all the essential allegations of the complaint should be taken as true. *Boulon* v. *Pérez*, 70 P.R.R. 941; *Pérez* v. *Hawayeck*, 69 P.R.R. 46.

In the first cause of action it is stated, in brief, that plaintiff has a house with a party wall which wall is

owned in common with defendant, in all the height of plaintiff's house and up to the first floor of defendant's house, said party wall being erected on the very boundary line between both lots; that on a portion of the wall not a party wall corresponding to the two upper floors of defendant's house, the latter has opened five windows, two of which are practically doors; five openings apparently for light, two outlets for rain and domestic water and a large opening which corresponds to an interior hall in the third floor of defendant's house; that the five openings for light are not at the height of the ceiling joists or immediately under the ceiling; that they measure over 30 centimeters square and are not covered either with an iron grating embedded in the wall or a wire screen; that the two outlets discharge the rain and domestic water on the roof of plaintiff's house; that there is no easement authorizing the defendant to have said openings, windows, or outlets in his wall which is not a party wall.

In the second cause of action it is stated that the tenants who occupy defendant's house are constantly throwing garbage and refuse out the windows and openings of defendant's house which garbage falls on the roof and backyard of plaintiff's house which has caused plaintiff to spend in the year preceding the filing of the complaint $100 for cleaning her property; that through the outlets in defendant's house overlooking plaintiff's, a large quantity of rain and dirty water from domestic use is discharged on her house and backyard; that during the rainy season the waters flow toward the street and across the interior of plaintiff's house causing damage to the floor and to the furniture; that plaintiff has boarding guests and because of the facts stated above her clients no longer go to her boarding house for all of which she has sustained damages for $2,000.

In the third cause of action plaintiff states that the water mains of the aqueduct of San Juan for the use of defendant's

house run across and over plaintiff's lot and along the walls of her house in pipes generally used for water service in dwelling houses.

As we have stated, in the first cause of action defendant is charged with having opened five windows, five openings, two outlets for rain water, and a large opening in that part of his house which is not a party wall, and which corresponds to the two upper floors of defendant's house. It is manifest that these facts are sufficient to constitute a cause of action in favor of the plaintiff. Section 513 of the Civil Code, 1930 ed., provides and regulates the right of every owner to increase the height of or alter a party wall.[1] This increase in height belongs exclusively to the builder thereof except that the owner who did not contribute in giving greater height, depth, or thickness to the wall, may acquire therein the right of part ownership under certain conditions. (Section 514.) But while the original part owner does not acquire the part ownership of the increased height of the wall, the latter shall be regarded as an *adjoining wall* and *not as a party wall* and to that effect we apply § 517 which provides that "The owner of a wall which is not a party wall, adjoining another's tenement, may make in it windows or openings to admit light, at the height of the ceiling joists or immediately under the ceiling, of the dimensions of thirty centimeters square, and, in any case, with an iron grate

---

[1] Section 513 provides the following:

"Every owner may construct a party wall by erecting it at his own expense, and by paying for any damages which may be caused by the work, even when only temporary.

"He shall also have to pay for the expenses of maintaining the wall in the part newly raised or deepened at its foundation, with regard to its former condition, and besides the indemnity for the increased expenses which it may be necessary to incur in order to preserve the party wall by reason of the greater height or depth which has been given the same.

"If the party wall cannot resist the increased height, the owner desiring to raise it shall be obliged to reconstruct it at his own expense, and, should it be necessary therefor to make it thicker, he shall give the space required from his own land."

embedded in the wall and a wire screen." Manresa, vol. 4 (5th ed.), pp. 697, 704; Sánchez Román, vol. 3, p. 628, 2d. ed.; Scaevola, vol. 10, p. 467; Colin y Capitant, vol. 2, *Curso Elemental de Derecho Civil*, p. 592, 2d ed.; Planiol y Ripert, *Tratado Práctico de Derecho Civil Francés*, vol. 3, p. 764. The contention of the appellee that the term "adjoining wall" not party wall excludes the original party wall in its increased height, like the one involved herein, lacks merit. In its increased height, because it belongs exclusively to the part owner who constructed it at his own expense, the wall is considered as *adjoining* another's property. "The upper part of the wall, which as yet is not a party wall under the following Section [578 of the Spanish Civil Code; 514 Civil Code, 1930 ed.] partakes of all the characteristics of a mere adjoining wall" says Scaevola, *op.* and vol. *cit.*, p. 467, and although the owner may make windows or openings therein to admit *light*, he does so within the measurements provided by § 581 of the Spanish Civil Code (517 Civil Code, 1930 ed.), 3 Sánchez Román, Civil Law 628; and he may not make openings or windows with direct or oblique views unless the wall is not adjoining within the prohibitive distances established in § 518 and in the manner and conditions established in the next three Sections. The first cause of action is therefore sufficient.

■ The second cause of action is likewise sufficient. It is stated therein, among other things, that due to the outlets in defendant's house, large quantities of rain and dirty water from domestic use fall on plaintiff's house and her backyard causing her damages of a different sort. See § 522 of the Civil Code [2] and Commentaries on § 586 of the Spanish Civil Code equivalent to § 522 of our Code. Manresa, *op. cit.*, p. 718. Appellee's contention that pursuant

---

[2] Section 522 in its pertinent part provides:

"The owner of a building is obliged to construct his roofs or coverings in such manner that rain-water may fall on his own land or on the street or any public place, and not on the land of his neighbor. . . . ."

to § 488 [3] he is the beneficiary of a natural servitude of water lacks merit, inasmuch as in the case at bar, as it is alleged, the water running through the aforesaid outlets does not flow naturally but due to the intervention of man. Manresa, *op. cit.*, p. 626, Commentaries to § 552 of the Spanish Civil Code equivalent to § 488 of our Code.

We have reached a similar conclusion as to the third cause of action bearing in mind that the facts stated therein tend to establish an invasion of the ownership right, § 284, Civil Code, 1930 ed., and that in an action of denial of servitude it is the duty of the defendant, as a matter of defense, to prove the existence of the servitude, *Delgado* v. *Rodríguez, ante*, p. 415; *Balzac* v. *Torres*, 68 P.R.R. 908; *Ramos* v. *Viejo*, 66 P.R.R. 607; *Rosado* v. *Municipality*, 59 P.R.R. 736, inasmuch as every property is assumed to be free until the existence of a lien is established.

It is not amiss to repeat the general principle laid down in *Boulon* v. *Pérez, supra*, to the effect that "in weighing the validity of a motion to dismiss for insufficiency, the duty of the court is not to test the final merit of the claim in order to determine which party is to prevail. Our duty, rather, is to consider whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim."

The judgment appealed from will be reversed, and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

---

[3] Said Section provides:

"Lower tenements are obliged to receive the waters which naturally and without the intervention of man descend from higher tenements, as well as the stone or earth which they carry with them.

"Neither may the owner of the lower tenement construct works preventing the servitudes nor the owner of the higher tenement works aggravating the same."